UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MARGARETTE DUVERGER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANDRES VIEIRA, a Florida individual,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

This case addresses a disturbing trend whereby realtors cold call consumers without consent violating the Telephone Consumer Protection Act. Plaintiff Margarette Duverger ("Duverger") brings this Class Action Complaint and Demand for Jury Trial against Defendant Andres Vieira ("Vieira") to stop the Defendant from violating the Telephone Consumer Protection Act by placing solicitation calls *without consent* to consumers using a pre-recorded voice message. Plaintiff Duverger, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Margarette Duverger is a resident of Miramar, Florida.

2. Defendant Vieira is a realtor located in Miami, Florida. Defendant places calls into this District.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant's wrongful conduct of calling the Plaintiff was directed to and received by Plaintiff in this District.

## INTRODUCTION

4. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for

robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

5. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

6. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

7. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

8. According to online robocall tracking service "YouMail," 3.3 billion robocalls were placed in June 2020 alone, at a rate of 111.2 million per day. www.robocallindex.com (last visited July 28, 2020).

9. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

10. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

## COMMON ALLEGATIONS

11. Defendant Andres Vieira is a real estate agent.

12. Defendant places solicitation calls are placed to generate business for Defendant's real estate agent business.

13. Defendant places solicitation calls to consumers using pre-recorded voice messages.

14. On November 28, 2020 at approximately 2:00 PM, Plaintiff Duverger received an unsolicited call from Defendant to her cell phone using phone number 305-982-7893.

15. Plaintiff did not answer this call, but a pre-recorded voice message was left on Plaintiff's cell phone voicemail.

16. The pre-recorded message was left by Defendant with regards to whether Plaintiff is interested in engaging Defendant to assist in buying or selling a property.

17. In the pre-recorded message, Defendant asks Plaintiff to call him back to the phone number 786-973-0860.

18. Defendant owns and/or operates the phone number 786-973-0860.[3]

19. Plaintiff Duverger has never provided her phone number to the Defendant.

20. The unauthorized solicitation telephone call that Plaintiff received from Vieira, as alleged herein, has harmed Plaintiff Duverger in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

21. Seeking redress for these injuries, Plaintiff Duverger, on behalf of herself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited prerecorded telemarketing calls to cellular telephones.

---

[3] https://www.robertslackflorida.com/leticia-malcolm-team/andres-vieira-licensed-real-estate-agent

## CLASS ALLEGATIONS

22. Plaintiff Duverger brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

**Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called on their cell phone number (2) using a pre-recorded voice message, and (3) for whom the Defendant claims (a) he obtained prior express written consent in the same manner as Defendant claims he supposedly obtained prior express written consent to call Plaintiff, (b) he did not obtain prior express written consent, or (c) he obtained the person's cell phone number in the same manner he obtained the Plaintiff's cell phone number.

23. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Duverger anticipates the need to amend the Class definitions following appropriate discovery.

24. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

25. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) whether Defendant Vieira systematically placed pre-recorded voice message solicitation calls to consumers without first obtaining consent to make the calls;

(b)  whether Defendant Vieira's calls to Plaintiff and other consumers were made for telemarketing purposes;

(c)  whether Defendant's conduct constitutes a violation of the TCPA;

(d)  whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

26.  **Adequate Representation**: Plaintiff Duverger will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Duverger has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Duverger and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Duverger nor her counsel have any interest adverse to the Class.

27.  **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Duverger. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**

**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Duverger and the Pre-recorded No Consent Class)**

28. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

29. Defendant and/or his agents transmitted unwanted solicitation telephone calls to Plaintiff Duverger and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

30. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Duverger and the other members of the Pre-recorded No Consent Class.

31. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Duverger and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Duverger individually and on behalf of the Class, prays for the following relief:

32. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Duverger as the representative of the Class; and appointing her attorneys as Class Counsel;

33. An award of actual and/or statutory damages and costs;

34. An order declaring that Defendant's actions, as set out above, violate the TCPA;

35. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

36. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Duverger requests a jury trial.

Respectfully Submitted,

**MARGARETTE DUVERGER,** individually and on behalf of those similarly situated,

DATED this 14th day of January, 2021.

By: /s/ Stefan Coleman
Stefan Coleman (FL Bar no. 30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*